[No. B074539. Second Dist., Div. Seven. July 21, 1994.]

JOHN L. KRUMPOTICH et al., Plaintiffs and Respondents, v.
FRANCHISE TAX BOARD, Defendant and Appellant.

**COUNSEL**

Daniel E. Lungren, Attorney General, Edmond B. Mamer and Raymond B. Jue, Deputy Attorneys General, for Defendant and Appellant.

Bewley, Lassleben & Miller and Richard L. Dewberry for Plaintiffs and Respondents.

**OPINION**

**LILLIE, P. J.**—Franchise Tax Board (Board) appeals from a judgment entered following a court trial adjudging recovery from the Board by John L.

Krumpotich and Claire M. Krumpotich (plaintiffs/respondents) the principal sum of $66,863.00 plus interest and costs of suit. The Board contends the court erred in determining that plaintiffs were entitled to claim a tax credit authorized by Revenue and Taxation Code former section 17061.5.[1]

## FACTS AND PROCEDURAL HISTORY

On January 14, 1992, plaintiffs filed their first amended complaint against the Board for refund of personal income taxes. They alleged they were entitled to a refund of income taxes for tax year 1987 pursuant to the provisions of the Revenue and Taxation Code former section 17061.5.

For trial, the parties stipulated to most of the facts as follows:

In 1983 the plaintiffs incorporated the Krumpotich Family Corporation (corporation) and commenced doing business in California. Plaintiffs were shareholders of the corporation, and the corporation's sole asset during its existence was a parcel of farm real property located in Santa Clara County. The corporation was not an "S" corporation.[2]

In 1987, the corporation was completely liquidated in accordance with the provisions of the Internal Revenue Code of 1986, section 337 (26 U.S.C. former § 337).[3] This liquidation resulted in the sale of the corporation's farm real property. Pursuant to Internal Revenue Code of 1986, section 337, the corporation realized no gain or loss for tax purposes from the sale. The corporation made a liquidating distribution to plaintiffs, who reported a net capital gain of $1,491,690 on their 1987 personal income tax return. The entirety of the reported gain was from the sale of the farm property.

Plaintiffs thereafter timely filed an amended 1987 tax return to claim a farm sales credit pursuant to Revenue and Taxation Code former section

---

[1]Revenue and Taxation Code former section 17061.5 provided in pertinent part that there should be allowed as a credit against the "net tax" an amount computed pursuant to subdivision (b) of the section from the sale or exchange of a "qualified asset." "(c) For purposes of this section, 'qualified asset' means . . . [¶] (2) Farm property which meets each of the following requirements: [¶] (A) Is located in this state. [¶] (B) Complies with the definition of 'farm property' as specified in Section 1252(a)(2) of the Internal Revenue Code." (Rev. & Tax. Code, § 17061.5 repealed by Stats. 1989, ch. 1352, § 17, p. 5620, eff. Oct. 2, 1989.)

[2]An "S" corporation is defined with respect to any taxable year as a small business corporation for which an election under Internal Revenue Code of 1986, section 1362(a) is in effect. (Int.Rev. Code, § 1361(a), 26 U.S.C. § 1361(a).)

[3]Internal Revenue Code of 1986, section 337(a) provided in pertinent part: "If, within the 12-month period beginning on the date on which a corporation adopts a plan of complete liquidation, all of the assets of the corporation are distributed in complete liquidation, less assets retained to meet claims, then no gain or loss shall be recognized to such corporation from the sale or exchange by it of property within such 12-month period."

17061.5, in the amount of $66,863. The Board treated the amended tax return as a claim for refund which was denied.

Plaintiffs thereafter timely filed an appeal of the denial of the claim for refund with the State Board of Equalization. The State Board of Equalization denied plaintiffs' appeal on June 1, 1990, and their petition for rehearing on October 9, 1991.

The Board's form 3529 (1987) provides in part that: "The net gains from qualified property passing through to partners, shareholders, or beneficiaries from partnerships, S corporations, estates and trusts, respectively, are available for credit."

At trial, plaintiffs' witness Michael Moore, testified he is a professor of accounting at the University of Southern California; he has a Ph.D. in accounting and is a certified public accountant; he has acted as an expert witness to a court five or six times previously and testified in court twice; he is familiar with Internal Revenue Code of 1986, section 337(a). He explained to the court the tax and accounting principle relating to the doctrine of "substance versus form," that is to look at the transaction in the context of the underlying economics rather than the form of the transaction; this principle is relevant to a liquidating transaction under the Internal Revenue Code of 1986, section 337(a); prior to the passage of this code section there was always a question of who made the sale in a liquidating transaction and often it was difficult to determine who actually negotiated the sale and on whose behalf; as a result of a "section 337 liquidation . . . the shareholder bears the burden of the tax on the appreciation of the assets in the corporation. So, from an economic substance perspective, the shareholders are taxed on that gain."

There is also a principle of taxation and accounting called equity, which has been around for a number of years and is viewed "in two different dimensions . . . both vertical equity which is commonly termed ability to pay and horizontal equity, which is a principle that says basically that taxpayers who have the same amount and type of income ought to be taxed the same." "If you break down the transactions and look at the underlying economics of the transaction in terms of the gain and who bears the burden of tax on the gain, those transactions, whether you liquidate a partnership or an 'S' corporation or liquidate a 'C' corporation under section 337, the tax is the same." Using the principles of equity and substance versus form, he could come up with no rational explanation for having the gain taxed differently on a liquidation pursuant to Internal Revenue Code of 1986, section 337, compared with a liquidation of an "S" corporation or liquidation

of a partnership. From an economic perspective in terms of the tax burden on the liquidation transaction, the plaintiffs are in the same economic situation as those other recognized "pass-through" members.

## DISCUSSION

■ Appellant's contention that the court erroneously concluded that plaintiffs were entitled to claim a tax credit pursuant to Revenue and Taxation Code section former 17061.5 is well taken.

■ "It is fundamental . . . that the extent of allowable deductions is dependent exclusively upon legislative grace and does not turn upon equitable considerations; that a taxpayer claiming a deduction must bring himself squarely within the terms of a statute expressly authorizing it; and that a taxpayer claiming a deduction bears the burden of proving the facts on the basis of which such deduction is allowable under the applicable statutory provision. [Citations.]" (*Hunter* v. *Commissioner of Internal Revenue* (1966) 46 T.C. 477, 483.)

■ Revenue and Taxation Code former section 17061.5 provided a credit against the net tax following the sale of a qualified asset and a qualified asset for our purposes was defined as farm property in the state of California.

As appellant contends, the corporation first sold the farm property and then made a liquidating distribution to the plaintiffs. The subject capital gain realized by plaintiffs was as a result of the corporation's liquidating distribution to them in exchange for their stock and not from the sale of a "qualified asset" as defined by the Revenue and Taxation Code.

Plaintiffs argue that they have a tax standing, because of the liquidation under Internal Revenue Code of 1986, section 337, substantially similar to other pass-through entities recognized by the Board.

Internal Revenue Code of 1986, section 337, however, did not give plaintiffs that desired standing. Section 337 in effect provided the gain on the sale of such assets by the corporation would not be recognized by the corporation but would be passed on to the stockholders who would then have to pay a tax on any gain realized. This section only eliminated double taxation of gains realized. (*C.I.R.* v. *McDonald* (5th Cir. 1963) 320 F.2d 109, 112.)

As the parties stipulated, the Board allowed credit on the net gains from qualified property passing through to "partners, shareholders, or beneficiaries from partnerships, *S* corporations, estates and trusts." (Italics added.) As

the parties also stipulated, however, the corporation was not an S corporation. There had been no election made by the corporation to exist as an S corporation. While it may be that plaintiffs could have structured this transaction differently resulting in different tax consequences, plaintiffs here have failed to bring themselves within the terms of the statute authorizing the tax credit. (See *Handlery* v. *Franchise Tax Board* (1972) 26 Cal.App.3d 970, 984 [103 Cal.Rptr. 465].)

### DISPOSITION

The judgment is reversed and the trial court is directed to enter judgment in favor of appellant. Appellant shall recover costs on appeal.

Johnson, J., and Woods (Fred), J., concurred.

Respondents' petition for review by the Supreme Court was denied October 13, 1994.